UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                No. 1:23-cr-40

vs.                             Hon. Jane M. Beckering
                                    U.S. District Judge

RICK VERNON JOHNSON,

        Defendant.
_____/

## MOTION FOR ORDER OF FORFEITURE FOR A MONEY JUDGMENT

Plaintiff United States of America, by and through its attorneys, Mark A. Totten, United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, respectfully submits its Motion for an Order of Forfeiture for a Money Judgment in the amount of $110,200. In support of its motion, the government states as follows:

    1.    On April 6, 2023, a Felony Information was filed charging Defendant, Rick Vernon Johnson, with accepting a bribe, in violation of 18 U.S.C. § 666(a)(1)(B). The Felony Information included a forfeiture allegation putting the Defendant on notice regarding the government's intention to seek a money judgment in the amount of $110,200 as proceeds traceable directly or indirectly to the offense charged in the Felony Information, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States also provided notice that, in the event such property cannot be

1

located, it would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

2. On April 25, 2023, pursuant to a plea agreement with the government, Defendant entered a plea of guilty to Count 1 of the Felony Information and consented to the entry of a forfeiture order for a money judgment in the amount of $110,200, which constitutes the proceeds Defendant obtained as a result of his commission of the offense charged in Count 1 of the Felony Information. (R.2: Plea Agreement, PageID.12.)

3. The entry of an order of forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. *See, e.g., United States v. Hampton*, 732 F.3d 687, 692 (6th Cir. 2013) (a forfeiture money judgment is authorized regardless of whether defendant has assets sufficient to satisfy the money judgment at the time of sentencing); *United States v. Darji,* 609 Fed. App'x 320, (6th Cir. 2015) (following *Hampton*; "a defendant's ability to pay is not relevant in the forfeiture analysis"); *United States v. Abdelsalam,* 311 F. App'x 832, 847 (6th Cir. 2009) ("A forfeiture action can take the form of a money judgment, forfeiture of specific assets, or forfeiture of substitute assets."); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (a money judgment "permits the government to collect on the forfeiture order in the same way that a successful plaintiff collects a money judgment from a civil defendant"); *United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in

2

the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond). The Court may satisfy that judgment pursuant to 21 U.S.C. § 853(p) with "substitute assets."

WHEREFORE, by virtue of the Defendant's guilty plea pursuant to a plea agreement with the government, which has been accepted by this Court, the United States moves the Court to issue the proposed order for a money judgment in the amount of $110,200, and to retain jurisdiction over this matter for the purpose of amending the Order of Forfeiture for a Money Judgment to include any subsequently located substitute assets.

                                                Respectfully submitted,

                                                MARK A. TOTTEN
                                                United States Attorney

Dated: August 3, 2023                              */s/   Daniel T. McGraw*
                                                DANIEL T. McGRAW
                                                Assistant United States Attorney
                                                P.O. Box 208
                                                Grand Rapids, MI 49501-0208
                                                (616) 456-2404