FILED - GR
April 5, 2024 1:12 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JW /4-S

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

==================================================================

| | |
|---|---|
| United States<br><br>v.<br><br>Rick Vernon Johnson | MOTION FOR SENTENCE REDUCTION,<br><br>18 U.S.C. § 3582(C)(2), PURSUANT<br><br>TO AMENDMENT 821<br><br><br>Docket # 1:23-CR-40-1 (BECKERING) |

==================================================================

Defendant Rick Vernon JOhnson brings forth this motion to this esteemed court on a pro-se basis, pursuant to among other things, the First Step Act of 2018, sections 5194, 5239, that allow courts to consider motions for sentence reduction brought about by a defendant's own motion. This particular motion, 18 U.S.C. § 3582(c)(2), is pursuant to Amendment 821, recently passed into law, that allows certainqualified individuals to recieve a sentence reduction equivalent to a decrease of two offense levels and be subsequently resentenced to a new and a lower sentence.

On August 24, 2023, the United States Sentencing Commission (USSC)'s proposed changes to the sentencing guidelines, Amendment 821, were fully approved by the US Congress into law, and made effective, RETROACTIVELY, from NOvember 1, 2023. These guideline changes allow certain first time offenders, convicted of a non-violent offense and who have no prior history of violence to be accorded a sentence reduction, equivalent to a decrease in the offense level by 2 levels, at a minimum, while maintaining the relative position of the original sentence in terms of any downward variance(s). Such individuals are to be further considered for an alternate to imprisonment, by way of an extended period of home confinement, once the minimum terms of their offense zone is satisfied by an actual prison term.

**BACKGROUND:**

On September 28, 2023, Defendant was sentenced to serve 55 months under offense charge ?8:666(a)(1)(b) on one count of accepting a bribe. The Defendant self-surrendered at the Federal Prison Camp in Duluth, Minnesota on December 1, 2023, and has been housed there since then.

Defendant has serious and underlying health conditions and immediately after his sentencing had to undergo a heart surgery on October 4, 2023. Following the surgery, his medical team, via their medical opinion and a report suggested to the court to delay his self-surrender. That medical opinion was denied and the Defendant surrendered as per the court's order. Six weeks after arriving at the facility, he developed severe internal bleeding, via a rupture of his internal organs and had to be taken to an outside medical center for an emergency surgey. The surgery was extensive, lasted several hours and also included immense blood transfusion. DEfendant had to stay an extended period in the hospital and has limited mobility, since his discharge, with assistance.

On April 27, 2023, the USSC proposed changes to the sentencing guidelines via powers granted to it by the US Constitution, under sections 994(g) and 994(j) to address two key challenges facing the country. First is the sky ballooning cost on incarceration, which at US$ 54,000 per inmate per year is now a serious concern with even the Treasury DEpartment calling it out as a cost the nation can ill afford. Second is the issue of over population in the prison system that has caused a massive spike in violent crimes across the nation. Due to the overpopulation, violenty and serious criminals who are a threat to the society are evading incarceration thus leading to a spike in violent and nserious crimes across the nation. The USSC, rightfully, proposed a depopulation by according sentence reductions to first time and non-violent offenders. The changes proposed by the USSC were fully approved by the US Congress into law on August 24, 2023 and made effective **RETROACTIVELY** from November 1, 2023.

**ARGUEMENT:**

Defendant, a first time offender, was sentenced to 55 months at the offense level 04 24, refelecting a mid point sentence towards the lower end of the guidelines.

§ 4C1.1 is very clear and unambigious in its language, that individuals who are first time offenders, have no history of violence and meet the additional eligibility criteria, be accorded a sentence reduction equivalent to a decrease of 2 offense levels. Additionally, § 5C1.1 is also as clear and unambigious that an alternate to imprisonment is to be accorded to qualified individuals in terms of an extended period of Home Confinement, once the satisfy the minimum term of their offense zone by a period of actual imprisonment.

**REQUEST I: SENTENGE REDUCTION BY 2 OFFENSE LEVELS**

§ 4C1.1 of Amendment 821 has defined the following criteria' to be eligible for a sentence reduction:

- No criminal history points from Chapter 4, Part A;
- No adjustment under 3A1.4 (Terrorism);
- No use of violence or credible threats of violence in connection with the offense;
- The offense did not result in death or serious bodily injury to anyone;
- The offense is not a sex offense;
- The offense did not cause significant financial hardship to anyone;
- The offense is not covered by 2H1.1 (Offense involving Individual Rights);
- The offense did not include the use of a firearm;
- No adjustments recieved under 3A1.1 (Hate Crimes) or 3A1.5 (Human Rights)

- No adjustment recieved under 3B1.1 (Aggravated Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

Per §4C1.1, if an individual meets all the above criteria, the offense level is to be reduced by 2 levels. EXHIBIT I is a true copy of the Amendment.

Further U.S.S.G. § 1B10(b)(1) states, that when a court reduces a defendant's sentence under 18 U.S.C. § 3582(c)(2), the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provision that were applie when the defendant was sentenced and shall leave all other guideline decisions unaffected (emphasis added). As such the courts are required to mainmtain the relative position of the original sentence.

Accordingly, Defendant moves this Court to grant him relief underAmendment Part B, Subpart 1 of Amendment 821, and reduce his sentence to 41 months.

**REQUEST II: REQUEST FOR ALTERNATE SENTENCE**

Subpart 2 of Amendment 821, Implementation of 28 U.S.C. § 994(j), § 5C1.1, Imposition of the Term of Imprisonment, has further mandated that for offenses falling under Zone D, a substitute punishment **MUST** be considered defined as "One day of Home Confinement for every one day spent in prison or incarcerate This period of Home Confinement comes into effect when the minimu term of the sentence for Zone D has been satisfied by actual imprisonment. The minim term for Zone D is 15 months as per the guidelines. A true copy of §5C1.1 has been provideds as EXHIBIT II.

Defendant will meet the minim term of sentence as defined under Zone D on March 1, 2025. A true calculation is provided as EXHIBIT III.

Accordingly, Defendant respectfully moves this Court to grant him relief under Subpart 2, Implementation of 28 U.S.C. 994(j), § 5C1.1 of Amendment 821, and order his transfer to Home Confinement, effective March 1, 2025 for the remainder of the sentence.

**CONCLUSION:**

Because Defendant's applicable guideline range has been subsequently lowered as a result of retroactive amendment, his 55 month sentence be reduced to 41 months.

Because Defendant will have satisfied the requirements of an Alternate Imprisonment, he should be ordererd to complete the remainder of his sentence on Home Confinement, effective March 1, 2025.

Defendant prays to this court to grant the requested reliefs at the earliest possible to avoid any further hardships and anxiety to his family and loved ones.

Respectfully Submitted

*Rick Vernon Johnson*

RICK VERNON JOHNSON
Reg # 55930-510
Federal Prison Camp
P.O. Box 1000
DULUTH, MN 55814



```
   Court
 e Beckering
an ST NW
 l Building
ds, MI 49503
 es
```

Rick Vernon Johnson
Reg. # 55930-510
Federal Prison Camp
P.O. Box 1000
Duluth, MN. 55814

⇔55930-510⇔
U S Distri
Clerk: Jud
110 Michi
602 Feder
Grand Ra
United Sta