UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICK VERNON JOHNSON, et al.,

    Defendants.
_____/

Case No. 1:23-cr-40

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is Defendant Rick Vernon Johnson's pro se Motion for Sentence Reduction, 18 U.S.C. § 3582(c)(2), Pursuant to Amendment 821 (ECF No. 146). For the following reasons, the Court denies the motion.[1]

**I**

Defendant pleaded guilty to accepting a bribe in violation of 18 U.S.C. § 666(a)(1)(B), and this Court sentenced him on September 28, 2023 to a 55-month term of imprisonment, followed by a two-year term of supervised release (Judgment, ECF No. 97).

As Defendant correctly points out in his motion (ECF No. 146 at PageID.1426), in August 2023, the United States Sentencing Commission submitted to Congress proposed changes to the federal sentencing guidelines, including Amendment 821, which would have retroactive effect. On November 1, 2023, when Congress failed to modify or reject Amendment 821, it became

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)," Rule 43(b)(4).

effective. Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A. USSG § 4A1.1.[2] Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors. USSG §4C1.1.

In his sentencing memorandum, Defendant argued for a variance based in part on the fact that "he would otherwise be eligible for a 2-level decrease in light of the Federal Sentencing Commission's recent voting on amendments to the guidelines" (ECF No. 91 at PageID.859). At the time of sentencing, the Court expressly indicated that it was granting a variance based on the rationale set forth in the proposed USSG § 4C1.1, as it concluded that Defendant would qualify, were it to go into effect. *See also* Statement of Reasons, ECF No. 98 at PageID.921. The Court then reduced Defendant's offense level from 25 to 23, which effectively reduced the advisory guidelines score from 57 to 71 months down to 46 to 57 months. Put simply, the Court gave Defendant the relief he now seeks at the time of his sentencing.

Having already received the benefit of Amendment 821 at the time of sentencing in the form of a variance, Defendant's motion is properly denied. Therefore:

**IT IS HEREBY ORDERED** that Defendant's motion for modification or reduction of sentence (ECF No. 146) is DENIED.

Dated: April 10, 2024                 /s/ Jane M. Beckering
                                                                 JANE M. BECKERING
                                                                 United States District Judge

---

[2] U.S. Sent'g Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited April 10, 2024).