# 1

August 14, 2024

Honorable Jane M. Beckering
U.S. District Judge
Western District of Michigan
602 Federal Bldg.
110 Michigan St. NW
Grand Rapids, MI 49503

RE: Rick Vernon Johnson – Register No: 55930-510, Case No: 1:23-CR-40-1

Motion for Sentence Reduction Under 18 U.S.C. 3582 (B) (1) (A) (Compassionate Release)
Request for Home Confinement

Dear Judge Beckering,

Due to his continued deteriorating health condition, on behalf of my father, Rick Vernon Johnson, I would like to request your consideration for sentence reduction to home confinement based on his eligibility under the CARES Act. As introduced by Senator Booker, the home confinement program has been successful for those who have been imprisoned for non-violent, non-gang related offenders with a low PATTERN risk score and in my father's case, considered elderly and in a medically compromising position.

- He is medically vulnerable.
- He has no history of violent, sexual, or terrorism-related convictions.
- After just six weeks of his stay in custody, he experienced a serious medical condition resulting in transfer to the hospital for 8 days.
- His extremely high blood pressure and low heart rate resulted in another transfer to the hospital last week.
- He has no violent involvement or gang involvement and no disciplinary infractions ever.
- A viable release plan is available for him with support from our county sheriff.
- His age and health condition make his risk of re-offending extremely minimal, thus giving him a low PATTERN risk score.
- He is currently placed in a minimum-security facility.

Since being in Duluth, he has been hospitalized three times, most recently last week. With his blood pressure at near stoke conditions with a reading of 254/110 and his heart rate at just 41, he was at a severely impaired condition. When reaching a doctor at St. Luke's Hospital, he was finally given his prescribed medication. Not only are physicians unavailable to meet his medical needs, but also his prescriptions are not being provided. He was returned to Duluth FPC; however, it is simply a matter of time before this same instance occurs again. He is not getting required cardiac rehabilitation necessary for recovery from his quadruple bypass surgery. Instead, his condition continues to decline.

As noted in the motion, the medical records from his treatment at Munson Medical Center in 2023 as well as his first stay at St. Luke's Hospital in February 2024. We are in the process of obtaining the information from his most recent visit to St. Luke's last week.

In addition to the medical concerns, the financial impact to taxpayers should be considered as well as his less than zero PATTERN Risk Assessment also makes him eligible for implementation of the First Step Act (FSA). The Office of the Inspector General (OIG) has cited cases such as these when elderly offenders are more costly to incarcerate than younger inmates. The OIG has produced reports showing significant cost savings without any danger to the community when these elderly patients have access to their own medical insurance as well as Medicare. The implementation of the FSA is active and should be considered for my father.

Forbes reported on March 30, 2024, an article titled "Bureau of Prisons Releases Encouraging Study on CARES Act". The Bureau of Prisons (BOP) Director Colette S. Peters commented on the findings, "This study reinforces my belief, shaped by decade of experience in corrections, that alternatives to mass incarceration are the most effect approach. The findings that individuals with a CARES assignment recidivated no more or less than comparable people in home confinement, and even less often post-release, are encouraging. This study suggests that reducing incarceration for appropriate people through measures like early and extended home confinement does not compromise public safety and in fact, suggests it may contribute to successful reintegration into society."

On May 15, 2024, the Honorable John W. Lungstrum, US District Judge in Kansas City, Kansas, ruled in ALPHONSO WOODLEY v. Warden, USP Leavenworth to transfer the defendant Woodley to home confinement under FSA. It is a ruling which will likely set the trend for the BOP to shift the sentences of non-violent offenders, especially those who meet the other low PATTERN risk criteria.

The Elderly Offender Home Confinement Program is not bound by the 10%- or 6-months rule in 18 USC 3624 (c) (2). Under paragraph (c), the waiver indicates that the "Bureau is authorized to waive the requirements of section 3624 of the Title 18 (home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months) as necessary to provide for the release of some or all eligible elderly offenders."

Please consider releasing Rick Vernon Johnson to home confinement by implementation of the CARES Act, First Step Act, and application of waiver 3624 (c) (2).

I look forward to hearing back from you soon.

Sincerely,

Theresa Davenport
22518 7 Mile Road
Reed City, MI 49677
critterdavenport@yahoo.com
231-206-5198