UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - -

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

RICK VERNON JOHNSON,

      Defendant.
_____/

Case No. 1:23-cr-00040

Hon. Jane M. Beckering
United States District Judge

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE
FOR A SUBSTITUTE ASSET**

      The United States of America, by and through its attorneys, Mark A. Totten, United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, hereby moves for a Preliminary Order of Forfeiture for a Substitute Asset, to apply the substitute asset against Johnson's forfeiture money judgment of $110,200. (R.57: Order of Forfeiture for a Money Judgment, PageID.403-404.)   In further support of this motion, the Government states:

      1.      On April 6, 2023, the United States Attorney filed a Felony Information that charged Defendant with accepting a bribe, in violation of 18 U.S.C. § 666(a)(1)(B) (Count 1), payment of a bribe, in violation of 18 U.S.C. § 666(a)(2) (Count 2), and conspiracy to commit bribery, in violation of 18 U.S.C. § 371 (Count 3). (R.1, PageID.1-10.)

      2.      The Felony Information included a Forfeiture Allegation, which placed

Defendant on notice that upon conviction of the bribery charge, the United States would seek a forfeiture money judgment against Defendant that represented the gross proceeds Defendant obtained, directly or indirectly, from the charge of accepting a bribe. (R.1, PageID.9-10.) The Forfeiture Allegation also put the Defendant on notice that, pursuant to 21 U.S.C. § 853(p), the United States would seek the forfeiture of substitute property to collect against the money judgment, if that sum of money could not be located upon the exercise of due diligence, had been transferred or sold to or deposited with a third party, had been placed beyond the jurisdiction of the court, had been substantially diminished in value, or had been commingled with other property that could not be divided without difficulty. (*Id.*)

3. On April 25, 2023, pursuant to a plea agreement with the government Defendant pled guilty to Count 1 of the Felony Information, which charged him with accepting a bribe in violation of 18 U.S.C. § 666(a)(1)(B). (R.1: Felony Information, PageID.1-10; R.2: Plea Agreement, PageID.11-26.) In the plea agreement, Defendant agreed to forfeit to the United States the sum of $110,200, which represents the proceeds Defendant obtained as a result of his commission of the offense charged in Count 1 of the Felony Information.

4. On August 3, 2023, the Court entered an Order of Forfeiture for a Money Judgment against Defendant in the amount of $110,200 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). (R.57: Order of Forfeiture for a Money Judgment, PageID.403-404.) The Court explicitly retained jurisdiction over this

matter for the purpose of amending the order of forfeiture to include any subsequently located assets, pursuant to 21 U.S.C. § 853(p).

5. On September 28, 2023, the Court imposed sentence on Defendant, and a judgment of conviction entered against him. (R.97; PageID.912-918.) The judgment incorporated the order of forfeiture for a money judgment of $110,200.(R.97; PageID.918.) The full balance of the order of forfeiture for a money judgment remains unsatisfied.

6. Despite due diligence, the government has been unable to locate the $110,200 in illicit proceeds received by Defendant to satisfy the money judgment. Instead, the government has located real property owned by Defendant through a limited liability corporation. Specifically, as identified in the presentence investigation report (R.83: PSR, PageID.796), Defendant owns vacant land located at **15619 130th Avenue, Leroy, Michigan, Township of Rose, Osceola County** being more fully described as:

> The Northwest 1/4 of the Southwest 1/4, Section 1, Township 19 North, Range 9 West, Rose Lake Township, Osceola County, Michigan.
>
> Together with all the fixtures, tenements, hereditaments, and appurtenances belonging or in any way appertaining.
>
> Parcel No. 67-14-001-015-00
>
> Titled in the names of: Common Cents Harvest Farms LLC and Rick V. Johnson, a married man.

(hereinafter "Subject Property").

3

7. The financial investigation regarding the Subject Property is detailed within the attached affidavit of Jesse J. Lake, Senior Inspector, U.S. Marshals Service. (Exhibit 1.) The land contracts to the property showing that it is titled in Johnson's name is attached hereto as Exhibit 2.

8. "On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that: (B) is substitute property that qualifies for forfeiture under an applicable statute." Fed. R. Crim. P. 32.2(e)(1)(B). Substitute assets may be forfeited to satisfy a defendant's forfeiture money judgment. *See, e.g. United States v. Coffman*, 574 F.App'x 541, 563 (6th Cir. 2014) (real property may be forfeited as substitute assets to satisfy forfeiture money judgment); *United States v. Abdelsalam*, 311 F.App'x 832, 847 (6th Cir. 2009) (the government must comply with the requirements of 21 U.S.C. § 853(p)(1) to forfeit substitute property to satisfy a forfeiture money judgment); *United States v. Hill*, 46 F. App'x 838, 839 (6th Cir. 2002) (630 shares of stock could be forfeited as substitute assets to satisfy money judgment entered after property involved in money laundering scheme became unavailable).

9. The United States hereby requests that the Court enter a Preliminary Order of Forfeiture for Substitute Assets that forfeits the Subject Property to the United States of America toward satisfaction of Johnson's forfeiture money judgment. Upon the Court's entry of a preliminary order of forfeiture, the United States will provide notice to third parties of the preliminary order of forfeiture

4

pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(b)(6).

A proposed order is attached to this motion.

                                                                        Respectfully submitted,

                                                                         MARK A. TOTTEN
                                                                         United States Attorney

Dated: September 17, 2024                      /s/ Daniel T. McGraw
                                                                         DANIEL T. McGRAW
                                                                         Assistant United States Attorney
                                                                         United States Attorney's Office
                                                                         P.O. Box 208
                                                                         Grand Rapids, MI 49501-0208
                                                                         (616) 456-2404

CERTIFICATE OF SERVICE

      I hereby certify that on September 17, 2024, the foregoing document was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

      I further certify that a copy of the foregoing document was mailed on this date to:

Rick Vernon Johnson
Reg. No. #55930-510
FPC Duluth
P.O. Box 1000
Duluth, MN 55814

      /s/   Daniel T. McGraw
      DANIEL T. McGRAW
      United States Attorney's Office
      P.O. Box 208
      Grand Rapids, MI 49503-0208
      (616) 456-2404