UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,               Case No. 1:23-cr-00040

    v.                            Hon. Jane M. Beckering
                                     United States District Judge

RICK VERNON JOHNSON,

        Defendant.
_____/

**PRELIMINARY ORDER OF FORFEITURE FOR A SUBSTITUTE ASSET**

WHEREAS, on April 25, 2023, Defendant Rick Vernon Johnson pled guilty to Count One of the Felony Information, which charged him with accepting a bribe, in violation of 18 U.S.C. § 666(a)(1)(B);

WHEREAS, on August 3, 2023, this Court imposed an Order of Forfeiture for a Money Judgment in the amount of $110,200, which represents the proceeds Defendant obtained as a result of his commission of the offense charged in Count One of the Felony Information (R.57; PageID.403-404);

WHEREAS, the Court has authorized the government to pursue the forfeiture of substitute assets against Defendant Johnson in an amount not to exceed $110,200 because the United States has made the requisite showing that it was unable, despite the exercise of due diligence, to locate Johnson's criminal proceeds. 21 U.S.C. § 853(p)(1)(A), (p)(2);

WHEREAS, the Government has filed a motion to forfeit as a substitute asset toward satisfaction of Johnson's forfeiture money judgment, real property referred to as vacant land located at **15619 130th Avenue, Leroy, Michigan, Township of Rose, Osceola County**, being more fully described as:

> The Northwest 1/4 of the Southwest 1/4, Section 1, Township 19 North, Range 9 West, Rose Lake Township, Osceola County, Michigan.
>
> Together with all the fixtures, tenements, hereditaments, and appurtenances belonging or in any way appertaining.
>
> Parcel No. 67-14-001-015-00
>
> Titled in the names of: Common Cents Harvest Farms LLC and Rick V. Johnson, a married man.

(the "Subject Property");

WHEREAS, 21 U.S.C. § 853(p) authorizes the forfeiture of "any other property of the defendant" up to the value of property that is directly tied to a defendant's crime, *i.e.* subject to forfeiture under 21 U.S.C. § 853(a); and

WHEREAS, Federal Rule of Criminal Procedure 32.2(e)(1)(B) allows the Court to "at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that…is substitute property that qualifies for forfeiture under an applicable statute."

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that pursuant to 21 U.S.C. § 853(p)(2), the Defendant's right, title, and interest in the Subject Property is forfeited to the United States of America.

IT IS FURTHER ORDERED that the Federal Bureau of Investigation and/or

the United States Marshals Service or its designee shall seize the Subject Property and dispose of the same in accordance with applicable law and regulations.

IT IS FURTHER ORDERED that notice of this forfeiture shall be published in accordance with 21 U.S.C. § 853(n)(1).

IT IS FURTHER ORDERED that any third party wishing to assert an interest in the Subject Property must petition the Court in accordance with 21 U.S.C. § 853(n)(2) and (3).

IT IS FURTHER ORDERED that if all or a portion of the Subject Property becomes subject to a final order of forfeiture, the proceeds of the Subject Property shall be applied against Defendant's forfeiture money judgment until the forfeiture money judgment is satisfied.

IT IS FURTHER ORDERED that pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order of Forfeiture shall be final as to the Defendant and be incorporated into his criminal judgment.

Dated: September 18, 2024         /s/ Jane M. Beckering
                                  JANE M. BECKERING
                                  United States District Judge