UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 1:23-cr-40-1

RICK VERNON JOHNSON,

    HON. JANE M. BECKERING

    Defendant.
_____/

**OPINION AND ORDER**

Pending before the Court is Defendant Rick Vernon Johnson's pro se Motion for Compassionate Release (ECF No. 177). The government filed a response in opposition (ECF No. 181). For the following reasons, the Court denies the motion.[1]

**I. BACKGROUND**

Johnson was charged with accepting approximately $110,200 in bribes in violation of 18 U.S.C. § 666(a)(1)(B) (*see* Felony Information, ECF No. 1). Johnson plead guilty, and the Court accepted his plea on May 10, 2023 (ECF No. 39). The Court sentenced Johnson to serve 55 months of imprisonment, followed by a two-year term of supervised release (Judgment, ECF No. 97). Johnson did not thereafter file any appeal or motion pursuant to 28 U.S.C. § 2255. On April 5, 2024, Johnson filed a pro se Motion for Sentence Reduction pursuant to Amendment 821 to the federal sentencing guidelines (ECF No. 146). The Court denied the motion in an April 10, 2024

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)." FED. R. CRIM. P. 43(b)(4).

Memorandum Opinion and Order because Johnson had "already received the benefit of Amendment 821 at the time of sentencing in the form of a variance" (ECF No. 147). Johnson, who self-surrendered on December 1, 2023, has now served approximately 10 and a half months of his sentence.

On August 14, 2024, Johnson filed the motion at bar (ECF No. 177). The government filed its response in opposition on September 12, 2024 (ECF No. 181). The government does not contest that Johnson has exhausted his administrative remedies (*see* ECF No. 181 at PageID.2257).[2]

## II.  ANALYSIS

### A.  Motion Standard

As a general rule, absent a statutory exception, a district court cannot change a sentence once it is entered. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). The First Step Act amended 18 U.S.C § 3582(c)(1)(A) to allow defendants to file motions to reduce sentences or obtain compassionate release under certain circumstances. If a defendant has exhausted his administrative remedies, the Court applies a three-step test. At step one, the Court must determine "whether extraordinary and compelling reasons warrant a sentence reduction." *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (citation and quotation marks omitted). At step two, the Court must evaluate whether a sentence reduction is consistent with any applicable policy statement of the Sentencing Commission. *Id.* at 1108. At step three, the Court must "'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized

---

[2] The government notes that Johnson sought compassionate release from the Warden at Federal Prison Camp Duluth shortly after his arrival (ECF No. 181 at PageID.2257). The Warden denied the request (*id.*). Johnson filed the instant motion nearly seven months later, after this Court granted co-defendant John Dalaly's motion for compassionate release because of Dalaly's serious medical condition, which he developed while incarcerated (*see* July 5, 2024 Opinion and Order (ECF No. 171)).

2

by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). The Sixth Circuit has clarified that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *See United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021).

In 2023, the United States Sentencing Commission promulgated a proposed amendment to United States Sentencing Guidelines § 1B1.13—the policy statement that elaborates on the criteria for compassionate release—to apply the policy statement to defendant-filed motions. *See* Notice of Submission to Congress of Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28254, 28254–59 (May 3, 2023). The amendment took effect in the absence of contrary action by Congress and now appears in the current sentencing guidelines. *See* U.S.S.G. § 1B1.13. The policy statement describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b).

**B. Discussion**

Johnson presents two, related grounds for his request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). First, Johnson contends that he has a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health

because of the aging process that substantially diminishes his ability to provide self-care within the environment of a correction facility, and he is not expected to recover from this condition (ECF No. 177-3 at PageID.1978).  Second, Johnson contends that he is experiencing a serious deterioration in physical or mental health because of the aging process (*id.*).  Johnson's motion does not describe his purported health condition and/or health deterioration with specificity.  In his request to the Warden seeking compassionate release, Johnson highlighted a cardiac surgery that he underwent prior to self-surrendering and an episode of "severe internal bleeding" in January 2024 resulting in "emergency surgery" and a "blood transfusion" (ECF No. 177-5 at PageID.2018).  From the medical records attached to both Johnson's motion and the government's response brief, a picture of Johnson's health status becomes more clear and reveals that his argument lacks merit.

Johnson is nearly 72 years old.  Consistent with Johnson's medical records, the government explains that Johnson "has a history of morbid obesity, hypertension, hyperlipidemia, and severe obstructive sleep apnea" as well as a diagnosis of "mild cognitive impairment" (ECF No. 181 at PageID.2258).  Johnson underwent a quadruple coronary artery bypassing grafting surgery prior to his self-surrender, which he tolerated well (*see* ECF No. 181-3 at PageID.2276 and ECF No.177-13 at PageID.2060).  Blood chemistry testing conducted by the Bureau of Prisons in December 2023 indicated that Johnson also has chronic kidney disease, for which a nephrology consult was ordered (ECF No. 181-1).  The bleeding that Johnson experienced in January resulted from a duodenal ulcer, likely secondary to routine NSAID use, which was clipped by staff at St. Luke's Hospital (ECF No. 181-2 at PageID.2273 & 75).  Most recently, in August 2024, Johnson experienced a hypertensive crisis (ECF No.181-6).

The applicable policy statement instructs that a qualifying extraordinary and compelling medical condition is one "that requires long-term or specialized care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. §1B.13(b)(1)(C). Johnson has not shown that he has a medical condition that meets that definition. To the contrary, Johnson's medical records from his period of incarceration to date indicate that he is receiving substantial monitoring and care for his different pulmonary, cardiac, and gastro-intestinal conditions and that his health is stabilizing. Illustrating this point, a chest x-ray in February 2024 revealed "no acute pulmonary disease" (ECF No. 177-16 at PageID.2192) and an echocardiogram that same month was normal. At a March 2024 gastro-intestinal follow-up appointment, the medical team reported that Johnson "is doing well from a GI standpoint" (ECF No. 181-2 at PageID.2273). Moreover, on July 2, 2024, Johnson reported that he walks 6-8 miles per day on the track (ECF No 181-4 at PageID.2280). Though Johnson experienced a hypertensive crisis in August, a subsequent search of his room indicated he had not been taking his blood pressure medications as ordered (ECF No.181-6). In response, Johnson will no longer self-administer his medication and will receive his medications from the pill line (*id.*).

As the government articulates, Johnson "wishes to enjoy the privilege of 'top of the line, health and medical benefits that will more than take of [his] health problems' near his home in Michigan while enjoying the company of his wife, daughter, and friends" (ECF No. 181 at PageID.2267 (citing ECF No. 177-5 at PageID.2018)). However, as the government aptly notes, "Johnson has temporarily forfeited that privilege by virtue of his criminal behavior" (*id.*). In sum, Johnson's motion for compassionate release is properly denied on the grounds that he has failed to establish extraordinary and compelling reasons warranting his early release. Thus, the Court need not consider the § 3553(a) factors and does not do so here. *Elias*, 984 F.3d at 519.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's pro se Motion for Compassionate Release (ECF No. 177) is DENIED.


Dated:  October 16, 2024                                               /s/ Jane M. Beckering
                                                                                                       JANE M. BECKERING
                                                                                                       United States District Judge