UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 1:23-cr-00040 |
| RICK VERNON JOHNSON, | HON. JANE M. BECKERING |
| | United States District Judge |
| Defendant, | |
| THERESA DAVENPORT, | |
| Petitioner. | |
| _____/ | |

**GOVERNMENT'S MOTION TO DISMISS THIRD-PARTY LETTER REGARDING FORFEITURE OF SUBJECT PROPERTY**

The United States of America, through undersigned counsel, respectfully moves the Court to dismiss the letter filed by Theresa Davenport (R.186, PageID.2317-2335) regarding the Court's Preliminary Order of Forfeiture for a Substitute Asset (R.184, PageID.2308-2310). To the extent this letter can be construed as a third-party petition for an ancillary hearing to adjudicate a legal interest in the Subject Property, the Court should dismiss it for failure to comply with 21 U.S.C. § 853(n)(2), (3). Even with its procedural deficiencies cured, the letter fails to state a proper claim or legal interest in the property under Rule 32.2(c)(1)(A), and would ultimately fail on the merits. The Court should dismiss the letter, at which point the government would move the Court to enter a final order of forfeiture regarding the Subject Property as a substitute asset toward the money judgment.

1

## I. BACKGROUND

On April 25, 2023, pursuant to a plea agreement with the government, Defendant Rick Johnson pleaded guilty to Count 1 of the Felony Information, which charged him with accepting a bribe, in violation of 18 U.S.C. § 666(a)(1)(B). (R.1, PageID.1-10; R.2: Plea Agreement, PageID.11-26.) In the plea agreement, Defendant agreed to forfeit to the United States the sum of $110,200, which represents the proceeds Defendant obtained as a result of his commission of the offense charged in Count 1 of the Felony Information. (R.2: Plea Agreement, PageID.12.)

On August 3, 2023, the Court entered an Order of Forfeiture for a Money Judgment against Defendant in the amount of $110,200, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). (R.57: Order of Forfeiture for a Money Judgment, PageID.403-404.) The Court explicitly retained jurisdiction over this matter for the purpose of amending the order of forfeiture to include any subsequently located assets, pursuant to 21 U.S.C. § 853(p). (*Id.*)

On September 28, 2023, the Court imposed sentence on Defendant, and judgment of conviction entered against him. (R.97, PageID.912-918.) The judgment incorporated the order of forfeiture for a money judgment of $110,200. (R.97, PageID.918.) The full balance of the order of forfeiture for a money judgment remains unsatisfied.

Despite due diligence, the government has been unable to locate the $110,200 in illicit proceed received by Defendant to satisfy the money judgment. Instead, the government located real property owned by Defendant through a limited liability

corporation: 15619 130th Avenue, Leroy, Michigan, Township of Rose, Osceola County (the "Subject Property").

On September 18, 2024, the Court granted the government's motion for a preliminary order of forfeiture for a substitute asset and entered a preliminary order of forfeiture regarding the Subject Property. (R.184, PageID.2308-2310.) The government published, posted, and provided direct notice of the preliminary order of forfeiture, in accordance with 21 U.S.C. § 853(n)(1), so that any third party wishing to assert an interest in the Subject Property could petition the Court in accordance with 21 U.S.C. §§ 853(n)(2) and (3). (*See* Ex. 1: Davenport Notice Letter.)

On October 3, 2024, Theresa Davenport, registered agent of Common Cents Harvest Farms, LLC, received direct notice of the Court's preliminary order of forfeiture regarding the Subject Property. The notice advised that a third party has "thirty (30) days from receipt of this notice to petition the court for a hearing to adjudicate the validity of any alleged interest in the property pursuant to Title 21, United States Code, Sections 853(n)(2), (3)." Therefore, the deadline to file a petition was November 2, 2024.

On November 8, 2024, the Clerk of Court filed a letter from Ms. Davenport, which was postmarked November 4, 2024. (R.186, PageID.2317-2335.) The unsigned letter from Ms. Davenport confirms that she received direct notice of the preliminary order of forfeiture on October 3, 2024. (*Id.*, PageID.2317.) It also states that Common Cents Harvest Farms, LLC is the owner of the Subject Property, and that Defendant Rick Johnson is not a member of the LLC. The letter claims that it is "inappropriate"

3

to seize this parcel of land to fulfill a money judgment, and asks how to contest this matter to petition the court for a hearing to adjudicate the validity of any alleged interest in the property. (*Id.*) Attached to the letter is the direct notice letter, the preliminary order of forfeiture, a covenant deed, and an LLC operating agreement. (R.186-1, PageID.2320-2335.)

## II.  LEGAL STANDARDS

Pursuant to 21 U.S.C. § 853(n)(2), a third party asserting a legal interest in property subject to forfeiture in a criminal proceeding may petition a district court to adjudicate the validity of the third party's alleged interest in that property. Section 853(n) "does not permit 'relitigation' of the district court's antecedent determination that the item of property is subject to forfeiture." *United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) (citing Fed. R. Crim. P. 32, Advisory Committee Notes). Nor can a third-party petitioner argue that the district court committed a procedural error in issuing the forfeiture order, or that the forfeiture was barred by another provision of law. *See United States v. Coffman*, 612 F. App'x 278, 279 (6th Cir. 2015) (claimant's Eighth Amendment Excessive Fines claim failed because in the ancillary proceeding, she was not facing prosecution and therefore was not subject to the possibility of a fine); *see also United States v. Tarraf*, 725 F. Supp. 2d 625, 635 (E.D. Mich. 2010).

The third-party petition must be (1) signed by the petitioner under penalty of perjury; (2) set forth the nature and extent of petitioner's right, title, or interest in the property; (3) the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and (4) any additional facts supporting

petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(3). If a proper petition is filed, the Court must conduct an ancillary proceeding to determine the validity of the claim, i.e., whether the petitioner has a vested interest in the forfeited property. 21 U.S.C. § 853(n); Fed. R. Crim. P. 32.2(c)(1). Petitioner bears the burden to prove by a preponderance of the evidence that their "legal right, title, or interest in the property . . . was vested in the petitioner rather than the defendant . . . at the time of the commission of the acts which gave rise to the forfeiture of property under this section." 21 U.S.C. § 853(n)(6)(A).[1]

"In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). A Petitioner must demonstrate "statutory standing . . . as well as Article III standing required for any action brought in federal court." *United States v. Fabian*, No. 1:11-cr-00157-JTN, 2013 WL 150361, *3-4 (W.D. Mich. Jan. 14, 2013) (citing *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998); *United States v. White*, 675 F.3d 1073, 1078 (8th Cir. 2012) (citation omitted)). No hearing is required where Petitioner fails to allege or make a prima facie showing of any legal right, title, or interest in the forfeited property. *United States v. Salti*, 579 F.3d 656, 664 n.6 (6th Cir. 2009).

---

[1] The other avenue of relief under 21 U.S.C. § 853(n)(6), the "bona fide purchaser provision," arguably does not apply here based on the limited facts available in the letter.

A "motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *United States v. Salti*, 579 F.3d 656-667 (6th Cir. 2009). While facts in the petition are assumed to be true, conclusory allegations are not entitled to the same assumption. *Salti*, 579 F.3d at 667, n.11 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) ("While legal conclusions can provide framework of a complaint, they must be supported by factual allegations.")). Consequently, petitioners seeking to claim property subject to the Court's preliminary order of forfeiture must allege facts to support legal conclusions. For the reasons stated below, the letter does not. The Court should dismiss the letter without holding a hearing under 21 U.S.C. §§ 853(n)(3), 853(n)(6)(A).

### III.  DISCUSSION

   A. *The letter is not signed under penalty of perjury and therefore fails to strictly comply with Section 853(n)(3) and must be dismissed.*

A third-party petition must be (1) signed by the petitioner under penalty of perjury; (2) set forth the nature and extent of petitioner's right, title, or interest in the property; (3) the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and (4) any additional facts supporting petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(3).

Here, the letter is unsigned, and not subscribed to under penalty of perjury as required by Section 853(n)(3). This alone is fatal and warrants dismissal. *See, e.g.*, *United States v. Fabian*, No. 1:11-cr-157-JTN, 2013 WL 150361, *7-8 (W.D. Mich. Jan. 14, 2013) (dismissing petition by a corporation or trust for failure of a

representative to sign under penalty of perjury, finding the requirement is not a mere technical one that is easily excused, because of the danger of false claims in forfeiture proceedings), *aff'd*, 764 F.3d 636 (6th Cir. 2014); *see also United States v. McDowell*, No. 3:15-cr-00141-TAV-DCP, 2024 WL 631395 (E.D. Tenn. Jan. 26, 2024), *r. & r. adopted*, 2024 WL 629840 (E.D. Tenn. Feb. 14, 2024) (dismissing ancillary petition where petitioner signed both original and amended petitions, but failed to do so under penalty of perjury and therefore failed to establish statutory standing); *United States v. Porter*, 2021 WL 5989033 (E.D. Tenn. Dec. 1, 2021), *r. & r. adopted sub nom. United States v. Robinson*, 2021 WL 5988423 (E.D. Tenn. Dec. 17, 2021) (court dismissed petition where petitioner failed to (1) sign under penalty of perjury, (2) detail nature and extent of petitioner's interest in property, and (3) note time and circumstances of acquisition of interest in property as 21 U.S.C. § 853(n)(3) requires); *United States v. Spencer*, No. 3:16-cr-073-3, 2019 WL 2270689, *3 (S.D. Ohio May 28, 2019) (court dismissed petition not signed under penalty of perjury for failure to satisfy section 853(n)(3)'s pleading requirements).

### B. The letter is untimely and must be dismissed.

21 U.S.C. § 853(n)(2) provides that third-party petitions must be filed within 30 days of either final publication of notice or receipt of actual notice, whichever is earlier. Petitions not filed within that window must be dismissed as untimely. *See, e.g.*, *United States v. Marion*, 562 F.3d 1330, 1339-42 (11th Cir. 2009); *United States v. Preston*, 123 F. Supp. 3d 24, 29-30 (D.D.C. 2015) (dismissing petition filed two weeks after 30-day deadline expired as untimely and lacking statutory standing).

Here, Ms. Davenport confirms she received actual notice of the preliminary order of forfeiture of the Subject Property on October 3, 2024. (R.186, PageID.2317.) Under 21 U.S.C. § 853(n)(2), any petition must therefore have been filed within 30 days, or by November 2, 2024. The letter was filed six days later, on November 8, 2024, and appears to have been mailed out of time as well, on November 4, 2024. (*Id.*, PageID.2318.) Therefore, the letter is untimely, and Ms. Davenport lacks statutory standing to contest forfeiture of the Subject Property. *See, e.g.*, *United States v. Osborn*, 357 F. App'x 109, 109-10 (9th Cir. 2009) ("Even assuming the district court could waive the time bar for excusable neglect under Federal Rule of Civil Procedure 60(b), the district court did not abuse its discretion in declining to do so.").

Even if these statutory standing defects could presumably be cured upon leave of court to file an amended petition, the letter nonetheless fails to state a proper claim because it is conclusory and fails to plead facts regarding a specific and superior interest in the Subject Property.

    C. *The letter is conclusory and fails to adequately plead specific facts regarding the nature and extent of a legal interest in the Subject Property, and the time and circumstances of the acquisition of the interest in the property.*

According to the letter, the Subject Property is owned by an LLC, and because Defendant "is not a member of the LLC," the government's "claim to seize [the Subject Property] to fulfill a money judgment is inappropriate." (R.186, PageID.2317.) These conclusory statements are insufficient to state a claim for relief under 21 U.S.C. § 853(n)(3) and the letter should be dismissed under Fed. R. Crim. P. 32.2(c)(1)(A). The letter's statements are also inconsistent with the record in this criminal case.

If the letter is construed as a petition, it is insufficient under 21 U.S.C. § 853(n)(3) because it does not set forth the nature and extent of petitioner's right, title, or interest in the property; or the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property. *See, e.g., United States v. Chang*, No. 2:19-mc-51797-SFC-APP, 2020 WL 1083777 (E.D. Mich. Mar. 6, 2020) (deficient petitions dismissed where they made only a conclusory claim of interest in forfeited financial accounts and failed to (1) assert a superior legal interest or (2) claim petitioner was a bona fide purchaser for value—the only two ways that ancillary petitions can prevail under 21 U.S.C. § 853(n)(6)).

Similarly, the letter fails to assert a superior legal interest in the Subject Property. Under 21 U.S.C. § 853(n)(6)(A), it is a petitioner's burden to prove, by a preponderance of the evidence, that their legal interest in the Subject Property existed "at the time of the commission of the acts which gave rise to the forfeiture of the property." The letter is silent on this requirement too. To prevail, a petitioner must have acquired their interest in the Subject Property before the government's interest vested at the time of the offense giving rise to forfeiture under the relation back doctrine in 21 U.S.C. § 853(c). *See, e.g., United States v. Silicon Valley Bank Acct.*, 549 F. Supp. 2d 940, 958 (W.D. Mich. 2008) (government interest in property vests at time of criminal acts; predicate acts predated the commencement of the bankruptcy case, so debt/defendant had no interest in property prior to bankruptcy, and denying trustee petition); *United States v. Galemmo*, No. 1:13-CR-141, 2015 WL 4450669, *5 (S.D. Ohio July 20, 2015) (when partnership shares are purchased with

9

fraud proceeds, government's interest in those shares vests immediately under § 853(n) and subsequent transfer of shares by defendant did not terminate government's title). Indeed, a petitioner who lacked a legal interest at the time the crime occurred must assert a claim under section 853(n)(6)(B) (bona fide purchaser), or not at all. *See United States v. Akhtar,* 2018 WL 5883930 (6th Cir. 2018) (petitioner who based her claim to forfeitable property on events which occurred after the fraud scheme cannot recovered under § 853(n)(6)(A) because relation back provision at § 853(c) vested title to proceeds in government upon commission of the act giving rise to forfeiture).

Lastly, the statements in the letter are inconsistent with the record in this criminal case. Under 21 U.S.C. § 853(n)(5), when adjudicating third party interests, "the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture." Here, Defendant admitted that he maintained control of the LLC at issue and used it to receive bribe payments. Specifically:

> Defendant arranged for the bribes to be paid to *limited liability companies over which he maintained control*, including JBJ Ranch, LLC, VM Enterprises, LLC, and *Common Cents Harvest Farms, LLC*, to help hide the fact that COMPANY A, COMPANY B, BRIAN DENNIS PIERCE, and VINCENT TYLER BROWN were providing him with cash payments while he was the Chairperson of the MMLB.

(R.2, PageID.18 (emphasis added); R.90: Gov't Sent. Memo, PageID.828 (showing Defendant received a $20,000 payment through Common Cents Harvest Farms LLC on July 11, 2018).) Defendant also listed the LLC and the Subject Property as his assets in the final presentence report investigation. (R.83, PageID.796 (valuing the Subject Property at $55,000 and Common Cents Harvest Farms LLC at $25,000

10

based on the value of farm equipment).) This record evidence is inconsistent with the unsupported statements in the letter, which is another reason why it should be dismissed.[2]

IV. **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court dismiss the letter now pending before the Court regarding the preliminary order of forfeiture for the Subject Property. Because no other petitions have been filed, the government will subsequently move the Court for a final order of forfeiture regarding the Subject Property once all noticing periods have expired, so that the sale proceeds of the Subject Property may be applied to Defendant's outstanding forfeiture money judgment.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: November 15, 2024

/s/ Daniel T. McGraw
DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501
(616) 456-2404

---

[2] Regardless, LLC members and lienholders of LLC property generally don't have standing to challenge forfeiture of corporate assets. *See United States v. Swartz Family Tr.*, 67 F. 4th 505, 516-517 (2d Cir. 2023) (petitioner, as "merely a shareholder at least two corporate levels removed from any interest in the forfeited asset," lacks standing under 21 U.S.C. § 853(n)(2) "to pursue a claim based on its equity ownership interest in" holding company that held forfeited asset.); *United States v. Haning*, 479 F. Supp. 3d 803 (E.D. Mo. 2020) (member-manager of LLC lacked standing in his individual capacity to challenge forfeiture of proceeds from sale of ranch property titled to LLC); *United States v. Davis*, 2022 WL 313437 (N.D. Tex. Feb. 2, 2022) (court dismissed petition of managing member of LLC that owned forfeited properties for lack of standing; LLC members do not have standing to challenge forfeiture of LLC's assets).

11

## CERTIFICATE OF SERVICE

I certify that on or about November 15, 2024, the foregoing motion was filed with the Court using the electronic CM/ECF filing system, and that a copy of the motion was mailed to:

Theresa Davenport
22518 7 Mile Road
Reed City, Michigan 49677

/s/ Daniel T. McGraw
DANIEL T. McGRAW
Assistant United States Attorney